UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER M. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY ARMY, AIR FORCE MARINES,<br><br>Defendant. | CASE NO. 2:19-cv-00589-JLR-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: **July 5, 2019** |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, 3, and 4. This matter is before the Court on defendant's Motion to Dismiss. Dkt. 4.

On February 28, 2019, plaintiff filed this case *pro se*, alleging that defendant violated federal law under the U.S. Anti-Terrorism Act ("ATA") and appearing to allege violation of the Classified Information and Procedures Act ("CIPA"). *See* 18 U.S.C. §§ 2333–39D (2018); 18 U.S.C. App. 3. Defendant moves to dismiss plaintiff's claims. Dkt. 4. Defendant's motion to

dismiss should be granted, and the claims asserted against defendant dismissed without prejudice because the Court lacks subject matter jurisdiction.

## FACTS

Plaintiff filed a Complaint in King County Superior Court on February 28, 2019, which defendant removed to this Court. *See* Dkt. 1-1.

The Complaint is difficult to follow. As it relates to the current motion, plaintiff alleges that defendant sold illegal technology to the Russian government in 2014. *Id.* at 2. Plaintiff alleges that defendant "used illegal technology in [M]exico to use Mexico to premeditate the crimes against [plaintiff] in Seattle, Washington and carry them out in Mexico." *Id.* at 3. He asserts that on December 26, 2015, defendant used "[f]requency [m]odulation, [f]requency waves . . . to torture [plaintiff] to say it was the cartel." *Id.* Plaintiff seeks $3.7 million in damages, a trial closed to the public with the FBI in court for treason, and a polygraph test. *Id.*

## DISCUSSION

I.   The ATA Claim

Defendant argues that this Court lacks subject matter jurisdiction under the ATA and moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1). Dkt 4.

For purposes of analyzing this motion, the Court is required to accept all of the factual allegations in the complaint as true. *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014). When filing a lawsuit against the United States, a plaintiff must "point to an unequivocal waiver of sovereign immunity." *Blue v. Windall*, 162 F.3d 541, 544 (9th Cir. 1998); *see Cato v. United States,* 70 F.3d 1103, 1107 (9th Cir. 1995). Sovereign immunity is a legal doctrine stating that the government cannot be sued without its consent. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475

1 (1994). Unless the government consents to be sued, this court lacks subject matter jurisdiction. *Blue*, 162 F.3d at 544.

Plaintiff brings a claim under the ATA, which creates a civil cause of action for United States nationals injured by acts of international terrorism. 18 U.S.C. § 2333(a). Congress has yet to waive sovereign immunity for alleged violations of the ATA. *See* 18 U.S.C. § 2337. The ATA clearly prevents suits against "the United States, an agency of the United States, or an officer or employee of the United States or any agency thereof acting within his or her official capacity or under color of legal authority." 18 U.S.C. § 2337(1); *Klayman v. Obama,* 125 F. Supp. 3d 67, 79 (D.D.C. 2015). Because plaintiff fails to establish subject matter jurisdiction, defendant's motion to dismiss should be granted.

II. The CIPA Claim

Plaintiff also references the "classified information act," which appears to be a reference to the CIPA. *See* Dkt. 1-1, at 3.

The CIPA is a portion of the criminal code and applies to criminal proceedings. *See* 18 U.S.C. App. 3; *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002) ("CIPA's plain terms evidence Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial."). A criminal statute generally does not confer a private right of action, which is the ability for private parties to bring a lawsuit. *Stupy v. U.S. Postal Serv.*, 951 F.2d 1079, 1081 (9th Cir. 1991) (identifying factors that may establish a private right of action conferred under a criminal statute). *Stupy* requires any party asserting such a private right to establish its existence. *See id.*

///

///

1 | Here, however, plaintiff provides no authority that the CIPA allows him to bring a private
2 | cause of action. Therefore, any CIPA claim should also be dismissed without prejudice in this
3 | civil lawsuit because plaintiff fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### CONCLUSION

5 | Defendant's Motion to Dismiss (Dkt. 4) should be granted. The claims against defendant
6 | should be dismissed without prejudice.

7 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
8 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
9 | 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
10 | review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver
11 | of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
12 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
13 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 5, 2019,**
14 | as noted in the caption.

15 | The Clerk is directed to send copies of this Report and Recommendation to all counsel of
16 | record and to any party appearing *pro se* at the party's last known address.

17 | Dated this 20th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge